[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT
On January 19, 1994, this court granted the above motion for the limited purpose of clarification of two orders entered in a judgment of dissolution entered on December 13, 1993 (Petroni, J.):
1. equalization of the plaintiff's (wife) teachers pension account, and,
2. a credit of $16,000.00 to plaintiff (wife) from the defendant's share of the equity in the marital home.
At the hearing on January 19, 1994, the defendant husband conceded a $13,000.00 credit for a gift made to a friend from a $45,000.00 home equity loan which he alone obtained. His attorney argued that $3,000.00 was used for their daughter's college tuition and not his own personal needs. At trial, the husband conceded that the wife contributed approximately $160,000.00 from her own funds for the college tuitions for both daughters. She did not seek any credit from the husband. The court is not persuaded by the husband's argument, and the $16,000.00 credit to the wife is confirmed.
At the time the dissolution judgment was entered on December 13, 1993, the husband had $92,314.91 and the wife had $19,798.71 vested in their respective teacher pension accounts. The court ordered the husband to assign to the wife the amount necessary to equalize them as of the date of judgment through a Qualified Domestic Relations Order (QDRO). It was the court's intention to have the Teachers Retirement Board transfer a sum certain from the husband's account to the wife's account so that both accounts would be equalized as of the date of judgment. In short, the court intended for the Teachers Board to transfer $36,257.62 (.392764) from the husband's account to the wife's account so that each account would have an equal amount of $49,661.17 as of December 13, 1993. CT Page 1751
Subsequent to the judgment, counsel advised the court that Mr. John R. Shears, Administrator of the State Teachers Retirement Fund, would find it difficult to implement the QDRO as ordered. The parties agreed to have him attend the hearing on this motion to assist the court in implementing the QDRO as ordered. This witness had previously testified at the dissolution trial on November 10, 1993.
In his testimony, confirmed by his letter dated October 20, 1993 (court's exhibit 1, 1/19/94), Mr. Shears stated that, the husband had 25 years of credited service to his account as of June 30, 1993, therefore, he is eligible to retire now at age 50 and would receive a monthly pension of $1,429.95. If the defendant deferred his retirement for ten years, to November 1, 2003 without working, he would be entitled to a monthly pension of $2,859.90, double the current benefit. Mr. Shears would not speculate on the husband's benefits if he continued to work as a teacher or school administrator because it would depend on certain assumptions he could not make. In his letter of October 20, 1993, relating to the husband's pension, Mr. Shears stated:
 "The value of the above pension benefit depends on assumptions as to investment earnings and life expectancy. The value of pension benefits as of any future date also depends on assumptions as to continued employment and salaries. We are not prepared to make such assumptions." (Plaintiff's exhibit C, 1/19/94.)
Counsel for the wife used the following example urging court to equalize the wife's pension benefit as follows:
Plaintiff wife vested monthly benefit as of 5/1/2005 $ 569.83 Husband's vested monthly benefit as of 11/1/2003 2,859.90
TOTAL VESTED FUTURE PENSION BENEFITS $3,429.42
50% of total future benefits $1,724.71 Less wife's benefits 569.83 Husband's contribution to wife $1,144.88
Husband's present retirement benefit $1,429.07 Balance due wife 1,144.88 Husband's present vested monthly benefit $ 285.07
If the husband retired now, the wife would receive $1,144.88 and the CT Page 1752 husband $285.07 (total $1,429.95). The court did not intend such a result and finds such a result to be inequitable.
The husband's attorney urged the court to equalize the wife's account as follows:
Present vested monthly benefit $1429.95 Wife's vested monthly benefit as of 5/1/2005 569.00 -------- TOTAL VESTED BENEFITS $1999.78
Divided in half or giving each 50% of benefit 999.78 Less wife's vested monthly benefit as of 5/1/2005 569.00 -------- Balance due wife $ 429.95
Pursuant to Connecticut General Statutes 46b-81, the court assigned to the wife an amount necessary to equalize her retirement account as of the date of judgment. The court order assigning the husband's pension was not intended to deprive him of his right to retire. He has the right to retire now or may choose to continue teaching until his normal retirement date of November 1, 2003, or sooner, the choices are for him to make.
The court found persuasive the arguments of the husband's counsel to divide equally the pension benefits that were vested in the husband as of the date of this judgment. The court also found persuasive the testimony and the letter of Mr. John R. Shears dated October 20, 1993 (court's exhibit 1, 1/19/94 hearing). Mr. Shears stated that the husband's retirement monthly benefit of $7,429.95 is now vested, and that any future benefits depend on his life expectancy, future investment earnings, continued employment and salaries, for which Mr. Shear is unable to make assumptions. Nor will the court make assumptions and speculate as to the value of the husband's future pension benefits.
The Qualified Domestic Relations Order shall be equalized to benefit the wife as of the date of judgment, December 13, 1993, or the date that the husband retires, whichever is later. Counsel for the husband shall prepare the QDRO in accordance with this decision.
ROMEO G. PETRONI, JUDGE CT Page 1753